IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

USDC- GREENBELT
'23 DEC 5 AM 11:54

| | |
|---|---|
| KENT BELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No.: 23-cv-2876-LKG |
| v. ) | |
| ) | Dated: December 4, 2023 |
| STATE OF MARYLAND, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

This action was opened on October 20, 2023, upon receipt of Kent Bell's "Writ of Mandamus," which will be construed as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 as Bell seeks to challenge his 2013 conviction. ECF No. 1 at 1. Bell filed a Supplement to the Petition on November 3, 2023. ECF No. 2. Bell has neither paid the $5.00 filing fee nor filed a motion to proceed in forma pauperis seeking its waiver. However, Bell will not be required to correct this deficiency because, for the reasons discussed below, the Petition must be dismissed.

Bell challenges his Maryland conviction in Case No. 121722-C; a search of the Maryland Judiciary Case Search shows that Bell was convicted in the Circuit Court for Montgomery County. ECF No. 1 at 1; *see* https://casesearch.courts.state.md.us/casesearch/ (last visited Dec. 4, 2023). Bell has sought habeas relief in this court for the same conviction on six prior occasions. *See Bell v. Dovey, et al.*, Case No. GLR-19-2470 (D. Md.); *Bell v. Maryland*, Case No. GLR-21-107 (D. Md.); *Bell v. Maryland*, Case No. PWG-21-2569 (D. Md); *Bell v. Werner, et al.*, Case No. SAG-22-0675 (D. Md.); *Bell v. Maryland*, Case No. DLB-22-3381 (D. Md.); *Bell v. Maryland*, Case No. ELH-23-1450 (D. Md.).

Pursuant to 28 U.S.C. § 2244, Bell may only file a second or successive habeas corpus petition if he has first moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir. 1996). Based on the prior habeas petitions, the Court finds that the instant

Petition is successive and may not be considered by this court until the United States Court of Appeals for the Fourth Circuit enters an order authorizing the court to do so. *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Bell has not submitted any evidence in either the Petition or his Supplement that he complied with this "gatekeeper" provision, the pending Petition for Writ of Habeas Corpus must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions to obtain the aforementioned authorization order. The procedural requirements and deadlines are extensive. Consequently, this Court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedures to be followed should Bell wish to seek authorization to file a successive petition. It is to be emphasized that Bell must file the request for authorization with the Fourth Circuit and obtain authorization to file his successive petition before this Court may examine his claims.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The denial of a certificate of appealability does not preclude Bell from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because Bell has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a certificate of appealability.

A separate order will follow.

12-4-2023
Date

LYDIA KAY GRIGGSBY
United States District Judge